# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:16-cr-77 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| CORRIE GILLISPIE | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| | ) | |

## ORDER

On April 20, 2017, United States Magistrate Judge Christopher H. Steger filed a report and recommendation, recommending that Defendant be found competent to stand trial. (Doc. 76.) Defendant objected to the report and recommendation, arguing that the medical evaluator and the magistrate judge evaluated him contrary to law and that the preponderance of the evidence demonstrated he is incompetent to stand trial. (Doc. 77.) The Court has conducted a *de novo* review of the record as it relates to Defendant's objections and, for the reasons stated hereafter, will **OVERRULE** Defendant's objections (Doc. 77) and **ACCEPT** and **ADOPT** the magistrate judge's report and recommendation (Doc. 76).

**I.    BACKGROUND**

After reviewing the record, the Court finds the facts to be consistent with Magistrate Judge Steger's report and recommendation.[1] Accordingly, the Court **ADOPTS BY REFERENCE** the facts as set out in the report and recommendation. (Doc. 76); *see, e.g.*, *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013). The following are additional

---

[1] Defendant has not objected to the magistrate judge's factual account set forth in the report and recommendation.

facts pertinent to the Court's consideration at this stage.

On May 17, 2016, a grand jury returned a multiple-count indictment that charged Defendant with, among other things, kidnapping and sexual exploitation through the use of force. (Doc. 3.) On May 27, 2016, Magistrate Judge Steger appointed Defendant "standby counsel," although Defendant "did not want and refused to be represented by counsel after being advised of his rights." (Doc. 10.) On May 31, 2016, Magistrate Judge Steger held a detention hearing where Defendant testified on his own behalf, against the advice of standby counsel. (Doc. 49, at 51–69.) During that testimony, Defendant answered questions posed by standby counsel, presented arguments regarding his desire to be released on bond during the pendency of these charges, and answered questions posed by Magistrate Judge Steger regarding his testimony. (*Id.*) Ultimately, Magistrate Judge Steger ruled that Defendant be detained. On June 28, 2016, the Government filed a superseding, ten-count indictment against Defendant. (Doc. 26.)

Sometime after the detention hearing, the magistrate judge attempted to conduct other court proceedings in conjunction with these charges. However, on each occasion, those proceedings were interrupted by Defendant's disruptive behavior, which began as he was escorted into the courtroom, included endlessly shouting vulgarities, and resulted in restraint by the attending marshals.[2] (Docs. 37, 38; *see also* Doc. 76, at 1–2.) Standby counsel also reported "extreme agitation and uncommunicative behavior" during private visits. As a result, standby counsel filed a motion to determine competency. (Doc. 37.) Magistrate Judge Steger granted the motion and committed Defendant for a mental health evaluation pursuant to 18 U.S.C. §§ 4241 and 4247. (Doc. 38.) In the Order of Commitment, Magistrate Judge Steger noted specifically

---

[2] Additionally, due to Defendant's behavior, the undersigned has taken the opportunity to observe him personally when he appeared before Magistrate Judge Steger.

2

that, although Defendant's conduct raised concern about his overall mental competence to stand trial, it also raised the competing concern that Defendant's disruptive conduct could be a "calculated and manipulative effort to seek attention and/or avoid prosecution for the crimes with which he has been charged." (Doc. 38, at 1.)

On August 11, 2016, Defendant arrived at the Federal Medical Center in Devens, Massachusetts ("FMC Devens") for a mental evaluation. (Doc. 65.) Defendant was examined by Dr. Shawn Channell, a forensic psychologist at FMC Devens. (*Id.*) On December 9, 2016, Dr. Channell issued a sealed mental health report opining that Defendant was competent to stand trial. (*Id.*) On March 8, 2017, Magistrate Judge Steger held a mental competency hearing and on April 20, 2017, he issued a report and recommendation, recommending that the Court find Defendant competent to stand trial. (Docs. 74, 76.) Defendant filed objections to the report and recommendation. (Doc. 77.) The Government responded (Doc. 81), and Defendant's objections are now ripe for review.

## II. STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). *De novo* review does not, however, require the district court to rehear witnesses whose testimony has been evaluated by the magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). When the question of competency arises, the Government has the burden of proving competency by a preponderance of the evidence. *United States v. Teague*, 956 F.2d 1427, 1431 n.10 (7th Cir. 1992).

## III. ANALYSIS

Defendant objects to the magistrate judge's report and recommendation, arguing: (i) the

decision relied on an erroneous medical opinion formed without adequately considering Defendant's individual circumstances; and (ii) a preponderance of the evidence supported finding that Defendant is incompetent to stand trial.  (Doc. 77, at 1.)

A district court is obligated "to inquire into a defendant's competency whenever there is reasonable cause to believe that the defendant is incompetent to stand trial." *United States v. Denkins*, 367 F.3d 537, 545 (6th Cir. 2004) (internal quotation marks omitted).  "A defendant is competent to stand trial if he has 'a rational as well as factual understanding of the proceedings against him' and 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.'"  *United States v. Heard*, 762 F.3d 538, 541 (6th Cir. 2014) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)).  While a district court must consider several factors, including evidence of his demeanor and irrational behavior, in determining competency, *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008), "[t]here are . . . no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed," *Williams v. Bordenkircher*, 696 F.2d 464, 466 (6th Cir. 1983).

In a civil confinement context, the Sixth Circuit has acknowledged that personality disorders, such as Antisocial Personality Disorder, may serve as part of the basis to find that a defendant suffers from a mental disease or defect.  *United States v. Beatty*, 642 F.3d 514, 517 (6th Cir. 2011).  However, in a criminal context, the Sixth Circuit has held that such diagnoses do not require courts to find a mental disease or defect rending a defendant incompetent to stand trial or to inquire further into a defendant's competence to stand trial.  *See Heard*, 762 F.3d at 541–42.  In fact, the Sixth Circuit has distinguished personality disorders from mental diseases or defects that precipitate incompetence.  *Id.* (finding that to argue a personality disorder requires further inquiry into a defendant's competency "seriously misunderstands the nature of"

4

personality disorders because "personality disorders are not psychoses."). More specifically, the Sixth Circuit has commented that because "people with personality disorders are present in all walks of life . . . ., to equate personality disorders with legal incompetence is simply to misunderstand what those terms mean." *Id.*

Defendant contends that Dr. Channell's opinion was erroneous and failed to consider his individual circumstances, particularly his Antisocial Personality Disorder, in concluding that he is competent to stand trial. (Doc. 77.) Specifically, Defendant asserts that Dr. Channell's testimony during the competency hearing establishes that he "categorically refused to consider that [his] antisocial personality disorder rose to the level of incompetency to stand trial . . . ." (*Id.* at 2–4 (relying on *Beatty* for the proposition that Dr. Channell should have, but did not, consider his Antisocial Personality Disorder in the evaluative process).[3] Additionally, relying on the same argument to form the basis, Defendant contends that Magistrate Judge Steger erred by relying on Dr. Channell's erroneous opinion, failed to consider his circumstances individually, and failed to properly weigh the evidence.

Defendant's arguments are without merit. *Beatty* held that Antisocial Personality Disorder can form part of the basis for finding that a mental disease or defect exists. 642 F.3d at

---

[3] As justification for his argument, Defendant cites several portions of the transcript. (*See* Doc. 77, at 2–3.) For instance, Defendant specifically cites the following statement as establishing that Dr. Channell made clear that Antisocial Personality Disorder could never "under any circumstances" render a defendant incompetent to stand trial:

> THE COURT: And just to be clear, antisocial personality disorder is not deemed to be a mental illness; is that correct?
>
> THE WITNESS: Yes, that's correct. I mean, it's a broad term, mental illness. My understanding for the purposes of what is determined to be a mental disease or defect, antisocial personality disorder would not qualify.

(*Id.* at 2.)

5

517. Neither Dr. Channell's report nor his testimony establishes that he failed to consider Defendant's Antisocial Personality Disorder. At the competency hearing, Dr. Channell acknowledged the prevalence of Antisocial Personality Disorder in people who exhibit criminal behavior and testified to the volitional role the disorder plays in their actions. (Doc. 75, at 34–52.) In doing so, Dr. Channell testified that Antisocial Personality Disorder is not generally determined to be a mental disease or defect sufficient to establish incompetence to stand trial. (*Id.* at 47–49.) However, Dr. Channell did not testify that such a condition could not form the basis for, or could not otherwise contribute to, a person having a mental disease or defect rendering said person incompetent to stand trial. Nor did Dr. Channell testify that he had not considered Defendant's antisocial personality disorder in reaching his competency determination. Absent such declarations, the evidence does not support Defendant's argument that Dr. Channell's medical opinion was erroneous or that he failed to properly consider Defendant's circumstances, including his antisocial personality disorder.

Additional evidence supports this finding. In his report and in his testimony at the competency hearing, Dr. Channell noted inconsistencies between Defendant's behavior in the courtroom and during the evaluative process and his behavior when he was likely unaware he was being observed. (Doc. 76, at 5–9.) For instance, Dr. Channell reviewed the transcript of the testimony Defendant gave on his own behalf at his bond hearing. (*Id.* at 5.) Dr. Channell found that Defendant raised topics relevant to his case and engaged appropriately with both his standby counsel and with Magistrate Judge Steger. (*Id.*) Additionally, Dr. Channell reviewed telephone conversations Defendant had while incarcerated and found that the substance of those calls indicated no signs of mental illness. (*Id.* at 5–6.) And, Dr. Channell noted that various other staff members at Devens FMC reported to him throughout the evaluative process that Defendant

6

would interact appropriately and pleasantly with them and was able to carry on a conversation. (*Id.*) However, upon attempting to seize an opportunity to get Defendant to cooperate in the evaluation, Defendant would present to him in exactly the same uncooperative manner that he had previously. (*Id.* at 6.) As such, Dr. Channell concluded that Defendant's aggressive and noncompliant behaviors were volitional and the product of a decision by Defendant to not cooperate with the criminal procedures against him. (*Id.*) Accordingly, the evidence does not establish that Dr. Channell's opinion was erroneous or that Magistrate Judge Steger's reliance on that opinion was error.

Similarly, the evidence does not suggest that Magistrate Judge Steger erred in concluding that Defendant is competent to stand trial. In addition to Dr. Channell's report and testimony, Magistrate Judge Steger considered two recorded phone calls between Defendant and one of his associates incarcerated in the jail in Whitfield County, Georgia. (Doc. 76, at 7.) As noted in the report and recommendation, in those recordings, Defendant directs his associate to feign mental illness if questioned by law enforcement about her activities. (*Id.*) Magistrate Judge Steger also considered other evidence offered at the competency hearing, including the testimony of Bradley County Jail corrections officers who oversee Defendant's detainment and the Deputy U.S. Marshal who has escorted Defendant to the courtroom on several occasions. (*Id.*) Each of these witnesses testified that Defendant is substantially compliant and non-disruptive outside the courtroom. (*Id.*) Therefore, the evidence does not suggest that Magistrate Judge Steger failed to properly weigh the evidence, or that he erred by finding that Defendant is competent to stand trial. Giving full consideration to the facts and circumstances, the Court finds that Magistrate Judge Steger's findings were well-reasoned and supported by the evidence and law. Accordingly, the Court will overrule Defendant's objections regarding Magistrate Judge Steger's

evaluation of Defendant's competency.

## IV. CONCLUSION

After conducting a full and comprehensive review of the record, the Court agrees with Magistrate Judge Steger's report and recommendation. Defendant's objections to the report and recommendation are, therefore, **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and **FINDS**, by a preponderance of the evidence, that Defendant Corrie Gillispie is not currently suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense should he so choose. Further, the Court **DETERMINES** that Defendant should be able to participate in all courtroom activities and is currently competent to stand trial. Finally, Defendant is **ADVISED** that should his disruptive and aggressive behavior in the courtroom continue, the Court will make the appropriate arrangements to ensure that further proceedings progress appropriately.

**SO ORDERED.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**