# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:16-cr-77 |
| v. ) | |
| ) | Judges McDonough/Steger |
| CORRIE GILLISPIE ) | |
| ) | |

## REPORT AND RECOMMENDATION

Before the Court are the motions for interim payments from Attorneys C. Eugene Shiles [Doc. 253] and Clayton Whittaker [Doc. 255], who were appointed, one after the other, to represent Defendant Corrie Gillispie under the Criminal Justice Act, 18 U.S.C. § 3006A. Specifically, the motions seek approval for interim payments and request a waiver of the case compensation maximum limit.

For the reasons stated below, the undersigned finds this case to be "extended," as that term is defined in Chapter 2, Section 230.23.40(b) of the Guide to Judiciary Policy, Vol. 7, Part A (*i.e.*, "If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is 'extended.'"). The Court further finds that counsel are entitled to interim payment of their bills, as well as total payment exceeding the standard cap for court-appointed representation.

### I. FACTUAL SUMMARY

The Court initially appointed Attorney Shiles on May 27, 2016, as standby counsel for Defendant Gillispie after Defendant expressed a desire to represent himself and forego representation by counsel [Order Appointing Standby Counsel, Doc. 10]. At that point, Defendant faced a four count indictment, including claims for sex trafficking and kidnapping [Doc. 3]. The Government filed a Superseding Indictment [Doc. 26] on June 28, 2016, charging

1

Defendant with a total of ten counts.  During the period that Defendant represented himself, from May 27, 2016, to November 13, 2017, Defendant repeatedly engaged in conduct deliberately calculated to obstruct court proceedings [Memorandum and Order, Doc. 133].  Over the course of several court appearances, Defendant entered the courtroom yelling loudly and without interruption until the undersigned had him escorted out by Deputy United States Marshals.  Defendant's conduct was such that it was impossible to conduct proceedings in the courtroom while he was present.  Consequently, the Court made arrangements to place an audio/video monitor outside a cell in the courthouse so that Defendant could monitor courtroom proceedings without being physically present in the courtroom to impede the proceedings.  After many months of dealing with Defendant's misbehavior, the undersigned concluded that Defendant had waived his right of self-representation and entered an order to that effect [Doc. 133].

In the course of his many diatribes and pro se filings, Defendant objected to the steps that Attorney Shiles had taken on his behalf as standby counsel.  Consequently, in the order dated November 13, 2017, explaining why Defendant could no longer represent himself, the undersigned also relieved Attorney Shiles as standby counsel and appointed Attorney Whittaker as Defendant's counsel of record.  Despite appointment of counsel, Defendant proceeded as though he were still pro se, submitting a litany of handwritten motions that were later withdrawn at Attorney Whittaker's request [Doc. 140].  The Court also designated Defendant as a restricted filer, after which all pleadings were forwarded to Attorney Whittaker for pre-approval before filing.  Largely as a result of Defendant's efforts to obstruct court proceedings, it was almost two years from Defendant's initial appearance to his trial.

Defendant's trial began on April 9, 2018, and lasted seven days.  The jury returned a verdict on April 18, 2018.  Throughout the trial, Defendant was brought before the District Judge

each day, outside the presence of the jury, and given an opportunity to demonstrate that he was capable of sitting quietly in the courtroom during the proceedings. Defendant refused to follow those instructions, continually interrupting and talking over the presiding judge and the attorneys on every occasion that he was in the courtroom [Order of Contempt, Doc. 233].

While the jury was deliberating, United States District Judge Travis R. McDonough had Defendant brought back into the courtroom where the Judge noted that Defendant had wasted an extraordinary amount of time with his outbursts, interruptions, refusal to respond to questions, and his refusal to follow orders. *Id.* Judge McDonough informed Defendant that he would be present to receive the jury's verdict and instructed him to stand in place and remain quiet or else be held in contempt. *Id.*

As the jury prepared to deliver its verdict, Defendant ignored the Court's instruction and perseverated in speaking to the jury. *Id.* Defendant ignored the Judge's instruction to stop speaking and had to be escorted from the courtroom to give him an opportunity to calm down. *Id.* When Defendant was permitted to re-enter the courtroom, he continued his diatribe. *Id.* As a result of Defendant's persistent misconduct, Judge McDonough held Defendant in contempt and summarily sentenced to a six-month term of imprisonment. *Id.*

In their present motions, Attorneys Shiles and Whittaker request interim payment of legal fees and expenses for representing Defendant in this case.

## II. LAW & ANALYSIS

The Criminal Justice Act and the Guide to Judiciary Policy provide for a maximum compensation limit of $10,000 for each attorney in a non-capital case charging one or more felonies. 18 U.S.C. § 3006A(d)(2); 7 Guide to Judiciary Policy (hereinafter Guide), Chapter 2- Appointment and Payment of Counsel, §§ 230.23.10(h) & 230.23.20(a). Payment in excess of

3

Case 1:16-cr-00077-TRM-CHS   Document 256   Filed 06/18/18   Page 3 of 7   PageID #: 4720

the $10,000 limit may be allowed if the Court certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit or their designee. 18 U.S.C. § 3006A(d)(3); 7 Guide, Chapter 2, § 230.73.40(a). Additionally, interim payments for counsel may be granted when "necessary and appropriate in a specific case." 7 Guide, Chapter 2, § 230.73.10(a). The following regulation guides the Court's determination of whether the maximum case compensation for counsel should be waived:

> (a) Overview
>
> Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended **or** complex representation when so certified by the court or U.S. magistrate judge and approved by the chief judge of the circuit (or by an active or senior circuit judge to whom excess compensation approval authority has been delegated).
>
> (b) Extended or Complex Cases
>
> The approving judicial officer should first make a threshold determination as to whether the case is either extended or complex.
>
> - If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case, the case is "complex."
>
> - If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."
>
> (c) Determining Fair Compensation
>
> After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard:
>
> - responsibilities involved measured by the magnitude and importance of the case;

- manner in which duties were performed;

- knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel;

- nature of counsel's practice and injury thereto;

- any extraordinary pressure of time or other factors under which services were rendered; and

- any other circumstances relevant and material to a determination of a fair and reasonable fee.

7 Guide, Chapter 2, § 230.23.40. "Case compensation limits apply only to attorney fees." 7 Guide, Chapter 2, § 230.23.10(d). There is no limit on the presiding judge's authority to reimburse counsel's expenses. 18 U.S.C. § 3006A(d)(1); 7 Guide, Chapter 2, § 230.23.10(d). Additionally, the Court must find such payments to be "necessary and appropriate in a specific case." 7 Guide, Chapters 2, § 230.73.10(a).

The undersigned finds that this case should be deemed "extensive" because of: (1) the extensive discovery required; (2) the length of time this case has been ongoing; (3) the novel issues of law and fact involved; and, primarily (4) Defendant's continuous efforts to obstruct the prosecution of this case through his disruptive behavior in court, his repeated filings of frivolous and duplicative pro se pleadings, and his complete refusal to cooperate or even communicate with his court-appointed attorneys. For those reasons, the Court finds that this case has required more time that is "reasonably required for total processing than the average case." See 7 Guide, Chapter 2, §230.23.40(b).

The Court further finds that representation of the Defendant has affected the law practice of both Attorney Shiles and Attorney Whittaker due to the amount of time that each was forced to spend on this case and client, to the temporary detriment of other cases and clients. Payment

5

in excess of the case compensation maximum is thus necessary to provide fair compensation to these attorneys. Delaying payment to defense counsel until after this case is fully concluded would impose a financial hardship on them. It is, therefore, the opinion of the undersigned that this case meets the definition of "extended" as set out above and that excess and interim payments are necessary to provide fair compensation to counsel. See 7 Guide, Chapter 2, § 230.23.40(c).

For the reasons indicated, it is **RECOMMENDED** that the District Judge sign and forward the appropriate memorandum and order approving excess and interim payments to counsel to the chief judge of the circuit or their designee. This procedure is approved in Chapter 2 and Appendix 2C to the Guide to Judiciary Policy. If the appellate court approves the instant request for excess and interim payments, the regulations provide that the Court should then take the following steps:

> (1) A memorandum and order concerning excess and interim payments should be filed with the clerk; and
>
> (2) A copy of this memorandum and order should also be sent to the CJA claims coordinator at the Criminal Justice Act Claims Section, Financial Management Division, Administrative Office, United States Courts.

Also, counsel seeking excess and interim payments should take the following steps:

> (1) Form CJA 20 should be submitted with full documentation of all expenses claimed on the voucher;
>
> (2) A number should be assigned to each voucher processed for payment;
>
> (3) Form CJA 20 must indicate the time period covered by the voucher and whether it is for the final payment or for an interim payment; and
>
> (4) The final voucher should:

> (a) set forth in detail the time and expenses claimed for the entire case;
>
> (b) reflect all compensation and reimbursement previously received;
>
> (c) show the net amount remaining to be paid; and
>
> (d) be approved by the chief judge of the circuit or her designee if the total claim for the case is in excess of the statutory limits.

7  Guide, Part A-Guidelines for Administering the CJA and Related Statutes, Appendix 2C.

## III. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the motions for interim payment [Docs. 253, 255] be **GRANTED** under the regulations and procedures in the Guide to Judiciary Policy.[2]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).